1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11
12

RALPH NIZ,
CDCR #D-19048,

Civil No.    10-2175 LAB (JMA)

13

Petitioner,

**ORDER DISMISSING CIVIL
ACTION:**

14

vs.

15

16

17

McEWEN, Warden,

18

19

Respondent.

20

**(1)  FOR FAILING TO PAY
FILING FEE REQUIRED
BY 28 U.S.C. § 1914(a) AND/OR
FAILING TO MOVE TO PROCEED
*IN FORMA PAUPERIS* PURSUANT
TO 28 U.S.C. § 1915(a)**

**AND**

**(2) AS FRIVOLOUS PURSUANT
TO 28 U.S.C. § 1915A(b)(1)**

21

    Plaintiff, a prisoner currently incarcerated at Calipatria State Prison and proceeding pro

22

se, has filed a "Petition for Writ of Administrative Mandamus" pursuant to 28 U.S.C. § 1651(a),

23

in which he seeks to compel a Warden at Calipatria to provide him with access to a "mandatory

24

pre-bankruptcy credit counseling course."  *See* Pet. ¶ 13.

25

### I.

26

### Failure to Pay Filing Fee or Request IFP Status

27

    All parties instituting any civil action, suit or proceeding in a district court of the United

28

States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28

U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Here, Plaintiff has neither prepaid the $350 filing fee required to commence a civil action, nor has submitted a Motion to Proceed IFP.  Therefore, this action is subject to immediate dismissal pursuant to 28 U.S.C. § 1914(a).

II.

**Sua Sponte Screening per 28 U.S.C. § 1915A(b)(1)**

The Court further finds that even if Plaintiff had paid the full $350 filing fee or moved to proceed IFP pursuant to 28 U.S.C. § 1915(a), his action nevertheless remains subject to sua sponte dismissal under 28 U.S.C. § 1915A.  This statute requires the court to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing ... a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  When conducting this review, the court may dismiss the action, or any portion of it, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted."  See 28 U.S.C. § 1915A(b)(1); *Rhodes v. Robinson*, ___ F.3d ___, 2010 WL 3489777 at *1 (9th Cir. 2010); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000). An action is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, Petitioner invokes jurisdiction under the All Writs Act, 28 U.S.C. § 1651(a), but asks this Court to compel, or issue mandamus to, a state prison Warden whom he claims is violating various provisions of Title 15 of the California Code of Regulations and thereby obstructing his access to a "pre-filing bankruptcy credit counseling service." *See* Pet. ¶ 4.

The common-law writ of mandamus *against a lower court* is codified at 28 U.S.C. § 1651(a), which provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  This is a "'drastic and extraordinary'" remedy

1    "'reserved for really extraordinary causes.'" *Cheney v. U.S. Dist. Court for the Dist. of*
2    *Columbia*, 542 U.S. 367, 379-80 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259-260
3    (1947)).

4              However, 28 U.S.C. § 1651(a) does not invest a federal district court with the power to
5    compel performance of a state court, judicial officer, or another state official's duties under any
6    circumstances. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) (11th
7    Amendment prohibits federal district court from ordering state officials to conform their conduct
8    to state law). Mandamus relief under 28 U.S.C. § 1651(a) is only available to compel an officer
9    of the United States to perform a duty, and only under extraordinary circumstances; nothing in
10   the All Writs Act provides a federal court with the power to issue mandamus to direct state
11   courts or their judicial officers in the performance of their duties. *Cheney,* 542 U.S. at 380-81.
12   Thus, a petition for mandamus to compel a state official to take or refrain from some action is
13   frivolous as a matter of law. *Demos v. U.S. District Court*, 925 F.2d 1160, 1161-72 (9th Cir.
14   1991); *Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998)
15   (federal courts are without power to issue writs of mandamus to direct state agencies in the
16   performance of their duties); *Dunlap v. Corbin*, 532 F. Supp. 183, 187 (D. Ariz. 1981) (plaintiff
17   sought order from federal court directing state court to provide speedy trial), *aff'd without*
18   *opinion*, 673 F.2d 1337 (9th Cir. 1982); *Newton v. Poindexter*, 578 F. Supp. 277, 279 (C.D. Cal.
19   1984) (federal mandamus statute has no application to state officers or employees); *Mitchell v.*
20   *Curry,* 2010 WL 3386005 (N.D. Cal. 2010) (unpublished) (dismissing as frivolous prisoner's
21   petition for writ of mandamus requesting federal court to compel state superior court and prison
22   officials to take action); *cf. Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1393 (9th Cir.
23   1987) (district court lacks authority to issue writ of mandamus to another district court).

24                                        **III**.

25                            **Conclusion and Order**

26            For the reasons set forth above, the Court hereby:

27            (1)      DISMISSES this action sua sponte for failing to pay the $350 filing fee or file a
28   Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a);

(2)     DISMISSES this action as frivolous and without leave to amend pursuant to 28 U.S.C. § 1915A(b)(1), and;

(3)     CERTIFIES that an IFP appeal from this Order would also be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United  States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.


DATED:  October 29, 2010


**HONORABLE LARRY ALAN BURNS**
United States District Judge